## JOHN W. LINDELL v. CITIZENS ICE & FUEL COMPANY.[2]

June 13 1919.

No. 21,287.

**Negligence — contributory negligence — question for jury.**

Plaintiff alighted from a street car, passed around the end of the car and as he reached the parallel street car track was struck by defendant's delivery team traveling in the same direction as the street car. The driver of the team saw the car stop, three or four passengers alight and pass around the end of the car toward the other side of the street, but apparently made no effort to check his team. Plaintiff followed these passengers. Plaintiff testified he looked to the east—the direction in which the street car was traveling—but not the west. *Held:* The question of defendant's negligence and that of plaintiff's contributory negligence were for the jury. [Reporter.]

[1]Reported in 172 N. W. 959.        [2]Reported in 172 N. W. 802.

Action in the district court for Ramsey county to recover $3,000 damages for injuries received in a collision with defendant's truck. The answer alleged negligence on the part of plaintiff. The case was tried before Dickson, J., who when plaintiff rested denied defendant's motion for a dismissal of the action and at the close of the testimony its motion for a directed verdict, and a jury which returned a verdict for $1,250. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Todd, Fosnes, Sterling & Nelson*, for appellant.

*Samuel A. Anderson*, for respondent.

PER CURIAM.

Plaintiff had a verdict for personal injuries and defendant appealed from an order denying an alternative motion for judgment notwithstanding the verdict or for a new trial.

Two street-car tracks extend along East Seventh street in the city of St. Paul. Eastbound cars pass over the south track, westbound over the north track. Plaintiff alighted from an eastbound car at a street intersection, passed around the rear end of the car toward the north side of the street, and as he reached the north track was struck, knocked down and injured by defendant's delivery team. The delivery team was proceeding at a trot in the same direction as the car. The driver saw the car stop to discharge passengers, and saw three or four passengers alight and pass around the end of the car toward the north side of the street, but apparently made no effort to check his team. The other passengers were ahead of plaintiff and passed in front of the team without injury, but plaintiff was struck and injured. Defendant does not seriously contend that its driver was free from negligence, but insists that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff followed other passengers who alighted from the car and passed around the end of it ahead of him. He testified that he looked toward the east for cars going west, but did not look toward the west and never saw the team until it struck him. He also states that he did not expect vehicles going east to be in that part of the street. We are of opinion that the questions of defendant's negligence and of plaintiff's contributory negligence were both for the jury.

Affirmed.